| You have received a **jpay** letter, the fastest way to get mail |
|---|

From : CHARLES HARPER, ID: 221986
To : Information Services
Date : 4/1/2026 5:50:19 PM EST,    Letter ID: 2568108796
Location : DRF
Housing : 800114TOPB

**FILED - GR**

April 24, 2026 1:16 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: ♂ ᵛ , ᵤ-ᵤ

Sent by: CHARLES HARPER (221986)
Agency: Michigan Department of Corrections
Facility/Housing Unit: Carson City Correctional Facility/800114TOPB
Date: 04/01/2026 17:50:14

Please do not reply to this email

STATE OF MICHIGAN
IN THE THIRD JUDICIAL CIRCUIT FOR THE COUNTY OF WAYNE

STATE OF MICHIGAN
        Plaintive,        Case No.-07-010580-FC

V.

CHARLES HARPER
        Defendant,

MOTION FOR EVIDETIARY HEARING

NOW COMES, DEFENDANT, IN Pro Se asking

this honorable court to grant his request for an

evidentiary hearing so that ha can expand the

record prior to additional post conviction review

at the federal level.

The Defendant is hoping this court will grant

his motion so he can show the following:

1.    The presiding judge violated the        Defendant's Constituional Rigts when his        decision to rule on
discovery inconsistent        with tha ser by Brady v. Maryland

2.    The Defendant's trial attorney was fundamentally ineffective when the Defendant requested a polygraph
examination pursuant to MCL 776.21 (5). This failure also resulted in a Constitutional error violating the Defendant's
6th and 14th Amendment to the U.S. Constitution. MCL 776.21 (5) states that "A person accused of committing the
crime of MCL 750.520 b-e and .520 g have a right to a polygraph exam or lie detector test when requested by the
accused.

For the above reasons and those contained in
the attached brief in support of this motion,
the Defendant prays this court see's the
injustice these fasilures have created and how
they in fact have prejudice the Defendant

Respectfully Submitted

Charles Harper _____

April 11, 2026

> You have received a **jpay** letter, the fastest way to get mail

From    : CHARLES HARPER, ID: 221986
To :  Information Services
Date :  4/15/2026 7:42:32 AM EST,    Letter ID: 2579088529
Location :  DRF
Housing :  800114TOPB


Sent by: CHARLES HARPER (221986)
Agency: Michigan Department of Corrections
Facility/Housing Unit: Carson City Correctional Facility/800114TOPB
Date: 04/15/2026 07:42:32

Please do not reply to this email

QUESTION OF FACT IN DISPUTE:

1. WAS THE COURT OF APPEALS BIAS TOWARDS THE DEFENDANT WHEN THE COURT HINDERED THE DEFENDANT'S OPPORTUNITY TO PRESENT A DEFENSE BY DENYING THE DEFENDANT'S REQUEST FOR A TWO (2) WEEK ADJOURNMENT TO SEEK THE REVIEW OF THE DNA REPORT TURNED OVER TO THE DEFENSE THE DAY PRIOR TO TRIAL?

APPELLEE'S, COURT SAYS, "NO"

APPELLANT, DEFENDANT SAYS, "YES"

ARGUMENT:  Defendant Charles Harper was changed and convicted of one (1) count of MCL 750.520 (b).  Being changed with this crime presents a huge amount of disparity and unfairness when the case is brought before the trier of fact.  Due to the Federal Rape Shield Act, and; because under Michigan Law a person accused of such a crime can be convicted of the offense by the complainant's testimony alone; no corroborating or independent evidence required.

Because of this, the accused has little to no recourse or protections against malicious prosecution or false accusations leading to the conviction of an innocent defendant.  The bottom line is if the complainant can convince the trier of fact using untruths the accused will be convicted.

Because of this fundamental unfairness of the justice system in cases like this, the government has put in place what they consider a sort of safe guard to deter these false convictions.  Safe guards such as discovery rules; and, what is referred to as "Brady Rule/Material".

**jpay** Tell your friends and family to visit www.jpay.com to write letters and send money!

You have received a **jpay** letter, the fastest way to get mail

From   : CHARLES HARPER, ID: 221986
To :  Information Services
Date :  4/15/2026 7:42:32 AM EST,     Letter ID: 2579088529
Location :  DRF
Housing :  800114TOPB

The most important " Discovery/Brady Rule" entangled in the fairness of due process is "The defendant has an absolute right to receive; and, the prosecution has an absolute duty to turn over all [Brady Material]", no later than 14 days before the start of trial.  Brady Material is any material that would be considered exculpatory.  In this case the prosecution waited until just hours prior to the commencement of trial to turn over a DNA report that would have proven exculpatory under Brady.  Nonetheless, the original Judge presiding over the trial guaranteed the Defense, on the record that they would be given " two weeks" to review the DNA report  when it was provided.  The case was subsequently removed from the original Judge's docket and assigned to a successor Judge who despite several request by the defense for an adjournment, refused to grant the request; instead, giving the defense 2 days over the weekend to have their expert review, comment, and possibly testify as a expert witness.

This is clearly a bias abuse or discretion on the part of the Judge assigned to oversee the trial.  This alone warrants a Judicial Review in the form of an Evidentiary Hearing to show the judicial bias that has occurred.

The fact that the DNA report says there was "none" of defendant's DNA in any clothing the complainant had on when the instant offense allegedly occurred.  The sheet that was tested did in fact contain the defendant's DNA as it should, it was the sheet taken off the defendant's own bed - and placed in his car.  The bed was shared by defendant and the complainant's paternal mother who's DNA was also found.  The fact is there is no corroborating evidence presented to infer Mr. Harper's guilt.

**jpay** Tell your friends and family to visit www.jpay.com to write letters and send money!

**You have received a *jpay* letter, the fastest way to get mail**

From   : CHARLES HARPER, ID: 221986
To :  Information Services
Date :  4/15/2026 7:42:32 AM EST,    Letter ID: 2579088529
Location :  DRF
Housing :  800114TOPB

In this case the appellant's trial attorney admitted that he was not the

least bit familiar with understanding what the DNA report was

indicating; whether it exculpatory or whether it was inculpatory, or

whether it was even relevant to the allegations at hand.  Because the

appellant was denied a reasonable amount of time to review the DNA

report the trial was fundamentally unfair and prejudiced the appellant.

For the aforementioned reasons the appellant's conviction deserves

another review taking the new issues into hand.

Upon another look it is the appellant's hope that this court will find that there is a reasonable probability that for Trial
Court's abundance of discretion the trial would of had a different outcome.

1-3

*Jpay* Tell your friends and family to visit www.jpay.com to write letters and send money!

Charles Harper #221986
Carson City Correctional Facility
10274 Boyer Road
Carson City, Michigan 48811

FIRST-CLASS

US POSTAGE PITNEY BOWES
ZIP 48811  $ 001.90⁰
02 7W
0008040222 APR 20 2026

Office Of The Clerk
United States District Court
for the
Western District of Michigan
452 Federal Building
110 Michigan, N.W.
Grand Rapids, Michigan
49503